IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL WAYNE CHAMBERS, | § | |
| TDCJ #678870, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0290 |
| | § | |
| TEXAS BOARD OF PARDONS | § | |
| AND PAROLES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

State inmate Carl Wayne Chambers (TDCJ #678870) has filed a civil rights complaint against the Texas Board of Pardons and Paroles under 42 U.S.C. § 1983. The plaintiff proceeds *pro se* and *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

## I.    BACKGROUND

Carl Wayne Chambers is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Court records indicate that Chambers is serving a forty-five year sentence imposed in 1994 as a result of his guilty plea to murder charges in the 232nd District Court of Harris County, Texas, in cause number 9408112. Chambers does not challenge his underlying conviction here. In this instance,

Chambers sues the Texas Board of Pardons and Paroles, alleging violations of his civil rights in connection with his eligibility for parole.

Chambers alleges that the Texas Board of Pardons and Paroles has violated his constitutional rights in two respects. Chambers complains that, once he became eligible for parole, his initial interview was not held in a timely manner. Chambers complains further that, after he was denied parole following that interview, his next parole hearing was "set off" for five years under a new Texas law. Thus, Chambers argues that he has been denied the right to annual consideration for parole under the law in place when the offense occurred.

Chambers does not seek his immediate release from prison. Instead, Chambers seeks "equitable" relief from the applicability of Texas parole laws that have allegedly affected his eligibility for parole. After reviewing all of the pleadings, however, the Court concludes that the complaint must be dismissed for reasons discussed below.

## II.    <u>STANDARD OF REVIEW</u>

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a

prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

III.   **DISCUSSION**

The Supreme Court has explained that state prisoners may challenge the constitutionality of state parole procedures in an action under 42 U.S.C. § 1983, seeking declaratory and injunctive relief.  *See Wilkinson v. Dotson*, 544 U.S. 74 (2005).  If a prisoner does not challenge the "fact or duration" of his confinement and is not otherwise seeking a "speedier release" from custody, then his challenge to parole procedures is cognizable under § 1983.  *Id.* at 81-82.  The federal habeas corpus statutes may also apply to such claims, but they are not the exclusive avenue for relief.  *See id*.

Although the civil rights complaint filed by Chambers may be cognizable under 42 U.S.C. § 1983, his allegations are barred by the PLRA.  A review of the complaint in this case shows that Chambers's allegations are nearly identical to those raised and rejected in two other actions filed by him in this district previously.  In *Chambers v. Dretke*, Civil Action No. H-05-2600 (S.D. Tex.), Chambers complained that he was denied a timely initial interview for parole in violation of his constitutional rights.  In particular, Chambers claimed that he became eligible for parole on December 1, 2003, but that the Texas Board of Pardons and Paroles did not conduct his initial interview until January 5, 2004.  The district court held

3

that the claim was not timely under the governing statute of limitations and, alternatively, that the claim was without merit. *See Chambers v. Dretke*, Civil Action No. H-05-2600 (S.D. Tex. March 28, 2006) (Doc. # 17). Chambers's other claim, that his parole review date has been set off pursuant to an improper retroactive application of Texas law, was rejected on the merits in another case. *See Chambers v. Dretke*, Civil Action No. H-05-2238 (S.D. Tex. Aug. 42, 2005) (Doc. # 4).

A prisoner civil rights complaint is considered "malicious" for purposes of the PLRA if it duplicates allegations made in another federal lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). To the extent that Chambers's claims were raised and rejected in federal habeas corpus proceedings is of no moment. A prisoner may not circumvent the restrictions against successive petitions found in the federal habeas corpus statutes, *e.g.*, 28 U.S.C. § 2244(b), by filing a civil rights complaint under 42 U.S.C. § 1983. *See Spivey v. State Bd. of Pardons and Paroles*, 279 F.3d 1301, 1302 (11th Cir. 2002); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). Because the plaintiff has made the same or similar claims in other lawsuits filed by him previously, the Court concludes that the present complaint is subject to dismissal as malicious under 28 U.S.C. § 1915(e)(2)(B)(i). *See, e.g., Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte* under the PLRA).

IV.   **CONCLUSION**

Based on the foregoing, it is **ORDERED** that the plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B)(i), as malicious.

**The Clerk shall provide a copy of this order to the parties. The Clerk shall also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and to (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on  February 27, 2007.

Nancy F. Atlas
United States District Judge

5