IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL WAYNE CHAMBERS, § | | |
| TDCJ #678870, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-07-0290 |
| § | | |
| TEXAS BOARD OF PARDONS § | | |
| AND PAROLES, § | | |
| § | | |
| Defendant. § | | |

## ORDER

State inmate Carl Wayne Chambers filed a complaint under 42 U.S.C. § 1983, contesting decisions about his eligibility for early release on parole. The Court dismissed the complaint as duplicative and malicious after finding that Chambers had unsuccessfully raised similar claims in prior federal proceedings under 28 U.S.C. § 2254. Chambers has filed a motion to "reopen" his civil rights action. The Court construes this motion as one to alter or amend the judgment pursuant to Rule 59(e) the Federal Rules of Civil Procedure. (Doc. # 7). Chambers has also filed a notice of appeal and a motion for a certificate of appealability. (Docs. # 8, # 9). The motions are denied for reasons set forth briefly below.

A Rule 59(e) motion "must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). The motion filed by Chambers falls far short of meeting this burden. Chambers concedes that the claims

he attempted to present under 42 U.S.C. § 1983 have been raised and rejected in federal court previously. Chambers cites no authority showing that he may lodge repetitive claims in this manner. He does not show that the dismissal order was entered in error. Therefore, Chambers fails to establish that he is entitled to relief under Rule 59(e).

More importantly, this Court has no jurisdiction to reopen or reinstate his case. Chambers has filed a notice of appeal to the Fifth Circuit. Once a party files a notice of appeal, a district court loses all jurisdiction and is without power to grant a post-judgment motion of the kind filed by Chambers regarding the merits of his case. *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 (5th Cir. 1999) (explaining that, once "an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)") (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)). Thus, the Court cannot reinstate this case while an appeal remains pending.

Accordingly, it is **ORDERED** that the motion to reopen (Doc. # 7) is **DENIED**.

Chambers has also filed a motion for a certificate of appealability. Because this case is governed by 42 U.S.C. § 1983, and not the federal habeas corpus statutes, a certificate of appealability is not required.

Therefore, it is **ORDERED** that the motion for a certificate of appealability (Doc. # 9) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on March 21, 2007.

_____
Nancy F. Atlas
United States District Judge